## Case No. 17,095.

In re WALLACE et al.

[12 N. B. R. 191.] [1]

District Court, D. Massachusetts. 1875.

BANKRUPTCY—PARTNERSHIPS.

Where there have been distinct firms of A & B and A & C, the three persons cannot be joined in one proceeding in bankruptcy, though the latter firm may have undertaken to pay the debts of the former.

[Cited in Re Jewett, Case No. 7,306.]

Wallace & Newton petitioned to be adjudged bankrupts as partners, and that Bryant might be included in the decree, alleging that he had been a partner with Wallace, and that upon his retiring from the business, the petitioners, Wallace & Newton, had undertaken to pay the debts of the former firm of Wallace & Bryant. Bryant filed a written consent, and adjudication was made against the three. At the first meeting the creditors of Wallace & Newton voted for one assignee, and the creditors of Wallace & Bryant for another, and the register certified to the court the question which vote was to control.

LOWELL, District Judge. At the hearing of the certified question, I felt bound to take exception to the power of the court to make a joint adjudication, and upon this I have heard counsel. The statute enacts or implies that two or more persons who are partners in trade, may be made bankrupt in one proceeding; and persons remain partners for this purpose until all their joint affairs have been fully wound up. It follows that if three or four or any number of persons have been partners, and owe joint debts, they may proceed jointly, although there may have been several lesser firms made up of some of the same persons: thus, the bankruptcy of A, B, C, & D, by a joint proceeding, will require the court to settle the affairs of the distinct firms of A & B, or B & C, and so on.

But I know of no law which authorizes persons to join, or to be joined, in a petition in bankruptcy, who could not sue, or be sued together, in any form of action at law or in equity. Bankruptcy is an equitable proceeding, but no single bill in equity would lie to settle the affairs of distinct firms, composed in part of different persons.

It has been said that I intimated an opinion in favor of such a joinder in Mitchell's Case [Case No. 9,656]. This is a mistake. What I said was, that A & B, who were partners, could file a joint petition without joining C, who had been a partner with them both, under a distinct and different firm. I suggested, too, that if C became bankrupt, I could probably consolidate the two proceedings, since all three persons had once been partners, and the affairs of that firm were not entirely settled. It was formerly the law of England that a joint commission could not issue against part of the members of a firm; it must include all the partners, or else there must be separate proceedings against each. Ex parte Henderson, 4 Ves. 163; Ex parte Layton, 6 Ves. 434. This was decided by analogy to suits upon a joint and several undertaking. A statute was afterwards passed, permitting any number of partners to be joined. See 6 Geo. IV. c. 6, § 16. How this would be under our statute, I have not had occasion to consider. But I can find no authority by statute or decision, here or elsewhere, for taking a joint proceeding against persons who have never all been partners together.

The petition of Wallace & Newton was regular, and the adjudication against them is good, if Bryant is dismissed, which I understand is desired by the parties, if the entire decree cannot stand. All proceedings against Henry J. Bryant dismissed.